UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROSANA COLON,

        Plaintiff,

v.                                     Case No. 17-cv-749-pp

MEDOVATIONS, INC.,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 21) AND DISMISSING CASE FOR LACK OF DILIGENCE UNDER CIVIL L.R. 41(c)**

---

### I.    Background

On May 26, 2017, the plaintiff—representing herself—filed a complaint alleging that the defendant discriminated against her because of her pregnancy. Dkt. No. 1 at 2. Approximately a month later, the court denied her motion for leave to proceed without prepayment of the filing fee, dkt. no. 4, and she paid the filing fee on July 24, 2017. On August 11, 2017, the plaintiff filed an affidavit of service, showing that she had served the complaint on the defendant on August 9, 2017. Dkt. No. 6. The defendant filed its answer on August 30, 2017, dkt. no. 9, and the court held a scheduling conference on November 3, 2017, dkt. no. 16.

At the scheduling conference, the court set the following deadlines: (1) December 1, 2017 for the parties to exchange their initial discovery disclosures; (2) December 20, 2017 for the parties to amend their pleadings or

1

join parties; (3) March 30, 2018 for the plaintiff to disclose her expert witnesses and their reports; (4) May 30, 2018 for the defendant to disclose its expert witnesses and their reports; (5) July 30, 2018 for the parties to complete all discovery; and (6) August 31, 2018 for the parties to file any dispositive motions. Id.

Other than several entries regarding substitution of defense counsel, no activity occurred on the docket for almost ten months. On August 31, 2018—the last date for parties to file dispositive motions—the defendant filed a motion to dismiss the case under Federal Rule of Civil Procedure 41(b), with a supporting brief and an affidavit from defense counsel. Dkt. Nos. 21-23. As of November 17, 2018, the plaintiff has not responded to that motion or filed any other documents; she has not filed anything since the November 3, 2017 scheduling conference.

**II.     Discussion**

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case on the defendant's motion "[i]f the plaintiff fails to prosecute" the case. Similarly, under Civil Local Rule 41(c) of the Local Rules for the Eastern District of Wisconsin, the court can dismiss a case "[w]henever it appears to the Court that the plaintiff is not diligently prosecution the action."

Defense counsel's affidavit tells the court several things: that the defendant turned over to the plaintiff its initial disclosures on December 1, 2018, dkt. no. 23 at ¶2, that the defendant sent the plaintiff a letter on May 7, 2018 providing the plaintiff with discovery and reminding the plaintiff that she

2

needed to provide her initial disclosures, id. at ¶3, and, finally, that the defendant sent the plaintiff a letter on June 22, 2018 reminding her that she needed to provide her initial disclosures and advising her that the defendant might file a motion to dismiss, id. at ¶4. The defendant says that the plaintiff never provided it with her initial Rule 26(a)(1) disclosures, nor did she respond to the defendant's interrogatories or requests for production of documents. Dkt. No. 22.

The parties' Rule 26(f) report informed the court that the plaintiff had met and conferred with the defendant to discuss discovery issues and scheduling. Dkt. No. 14. The plaintiff appeared by telephone for the Rule 16 scheduling conference. Dkt. No. 16. The plaintiff did not express any concerns with the discovery plan at the hearing. Nevertheless, it appears that the plaintiff has not taken *any* steps since the conference to pursue her claims against the defendant. As far as the court can tell, the plaintiff still has not provided her initial disclosures—which were due on December 1, 2017, almost a year ago.

The court concludes that dismissing the case under Civil Local Rule 41(c) is appropriate. Under that rule, the plaintiff has twenty-one days from the date of this order to ask the court to reinstate her case. Perhaps the plaintiff has a reason for not responding to the defendant's requests and for not complying with the court's scheduling order. If so, she can file a written request to reinstate the case within those twenty-one days, and include those reasons in the petition.

### III. Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 21.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of diligence under Civil L.R. 41(c).

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**